UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC SEAN DRAPER, # 412777, | )<br>) |
| Plaintiff, | )  Case No. 1:07-cv-982<br>) |
| v. | )  Honorable Wendell A. Miles<br>) |
| MARY BERGHUIS, et al., | )<br>) |
| Defendants. | )<br>) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This was a civil rights action brought by a state prisoner to challenge the validity of his criminal conviction. By opinion and order entered November 16, 2007, this court determined that plaintiff had failed to state a claim upon which relief can be granted, on the ground that his sole remedy for challenging the fact or duration of his confinement is by a petition for writ of habeas corpus, after exhausting all available state remedies. Plaintiff has now filed a motion "asking re-review on opinion and judgment," which this court will construe as a timely motion to alter or amend judgment under Rule 59(e).

Plaintiff's motion asserts for the first time that his action was not a civil rights action, but an "Instant Action Appeal, intended to be filed as a Habeas Corpus." (Motion, docket # 6). Plaintiff therefore asks that the court construe his complaint as a habeas corpus action and, additionally, refund $345.00 of the $350.00 filing fee. The court declines to grant either request for relief. First, the federal appellate courts have pointed out the dangers that can arise when a court

takes it upon itself to recharacterize the nature of a plaintiff's claim. *See, e.g., Castro v. United States*, 540 U.S. 375, 383 (2003); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). In this case, plaintiff's complaint did not invoke section 2254, did not contain the words "habeas corpus," and contained no allegations necessary to the maintenance of a habeas corpus action, such as a recitation of efforts made to exhaust available state remedies. In such circumstances, the district court must take the complaint at face value. The Sixth Circuit has held that the proper course for the district court is to dismiss the improper action without prejudice, to allow the plaintiff to raise his claims in a proper manner by future lawsuit. *See Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). This is precisely what the court did in this case.

Plaintiff's request for a refund of his filing fee is also frivolous. The statutory filing fee for a civil rights action is $350.00. If plaintiff had wished to bring a habeas corpus action, which is subject to only a $5.00 fee, he should have filed a habeas corpus petition. It is too late in the day for plaintiff to complain that this court should have construed plaintiff's pleading as something other than that which it purported to be. Accordingly:

IT IS ORDERED that plaintiff's motion to alter or amend judgment (docket # 6) be and hereby is DENIED.

Dated: <u>December 7, 2007</u>  /s/ Wendell A. Miles
Wendell A. Miles
Senior United States District Judge